# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CASE NO.:  3:18-bk-06226 |
| **MISTI DAWN COLE,** | ) | |
| | ) | JUDGE WALKER |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

| | | |
|---|---|---|
| **TENNESSEE DEPARTMENT OF** | ) | |
| **LABOR & WORKFORCE** | ) | |
| **DEVELOPMENT -** | ) | Adversary Proceeding |
| **U.I. RECOVERY UNIT** | ) | |
| | ) | No.: _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **MISTI DAWN COLE,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OF THE TENNESSEE DEPARTMENT OF LABOR - U.I. RECOVERY UNIT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523**

Comes now the Tennessee Attorney General, on behalf of the Tennessee Department of Labor - U.I. Recovery Unit ("UIR" or "Department") by and through undersigned counsel, and petitions the Court, pursuant to 11 U.S.C. § 523, to determine that the debt owed to the UIR by the Debtor, Misti Dawn Cole, for over issuance of unemployment benefits, totaling $5,775.00, be nondischargeable.  In support thereof, the UIR advises the Court as follows:

1. This adversary proceeding arises out of the Defendant's Chapter 13 Case No. 3:18-bk-06226

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157,

1334 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. The Debtor confirmed a Plan on December 18, 2018.

4. The deadline to file a complaint to challenge dischargeability of certain debts in this case is February 6, 2019.

5. Prior to filing this bankruptcy, the Debtor applied for and received unemployment benefits on weeks ending November 26, 2017 through December 9, 2017 and January 7, 2017 through May 19, 2018, under Title 50, Tennessee Code Annotated.

6. During this period, the Debtor failed to properly report her earnings through her employment with Robert Half International Inc., for the same weeks as specified above in paragraph 5, causing unemployment benefit overpayments to occur in violation of T.C.A. § 50-7-713.

7. The UIR relied on the misrepresentations by the Debtor in awarding benefits.

8. Based on the foregoing, the UIR asserts that the debt arising from fraudulently obtained unemployment benefits should be nondischargeable under 11 U.S.C. § 523(a).

WHEREFORE, the UIR respectfully request that this Court:

1. Grant judgment in favor of the UIR and against the Defendant for unemployment benefits in the amount of **$5,775.00.**

2. Hold the debt nondischargeable pursuant to 11 U.S.C. §523(a)(2);

3. Assess $350.00 in court costs against the Debtor in favor of the UIR; and,

4. Grant any other relief necessary to protect the interests of the UIR.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter


*/s/ William F. McCormick*
WILLIAM F. MCCORMICK (BPR#12718)
Senior Assistant Attorney General
Tennessee Attorney General's Office
Bankruptcy Division
Post Office Box 20207
Nashville, TN 37202-0207
PH: (615) 532-8930   FX: (615) 741-3334
Email: agbanklundin@ag.tn.gov

*Attorney for the Department*